UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ryan Grover, Zachary McCann, and Michael Landry,<br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Larkin Iron Works, Inc., Steven Larkin, personally, and Andrea Larkin, personally,<br>　　　　　　　　Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Defendants, Larkin Iron Works, Inc., Steven Larkin, and Andrea Larkin (collectively "Defendants") respectfully submit that:

1.  On or about November 19, 2010, the Dedham District Court for the Commonwealth of Massachusetts granted Plaintiffs' Motion for Leave to Amend their Complaint to add a claim under the Racketeer Influenced and Corrupt Organization Act (RICO), pursuant 18 U.S.C. § 1961 et seq., in the matter entitled <u>Ryan Grover et al. v. Larkin Iron Works, et al.</u>, Civil Action No. 10-cv-0941, which was originally filed in the Dedham District Court.

2.  This Notice is being filed within thirty days of Defendants' receipt of that notice. Further, Plaintiff's original complaint was filed in the Dedham District Court on August 3, 2010. The time for filing this Notice of Removal under 28 U.S.C. § 1446(b), therefore, has not expired.

3.  The process, pleadings, and orders received by Defendants to date in this matter, copies of which are attached hereto as <u>Exhibit A</u>, are as follows: (a) Proposed Amended

Complaint; (b) Statement of Damages; (c) Summons; and (d) Order granting Plaintiffs' Motion for Leave to Amend Complaint.

4. Plaintiff's Amended Complaint asserts a RICO claim. RICO claims exist under federal statutes, *e.g.*, 18 U.S.C. § 1961 et seq.

5. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1441, and this action is removable to this Court under 28 U.S.C. § 1441(b).

6. Defendants will notify the Dedham District Court and Plaintiffs of this Notice of Removal by filing with the Dedham District Court a Notice of Filing a Notice of Removal. A copy of that notification is attached hereto as Exhibit B.

Respectfully submitted,

LARKIN IRON WORKS, INC. et al.

By their attorney,

/s/ Brian E. Lewis
Brian E. Lewis (BBO No. 643717)
Brian M. Childs (BBO No. 662594)
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: December 1, 2010

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of December, 2010, a copy of the foregoing document was delivered by e-mail and first-class mail to all counsel of record.

/s/ Brian E. Lewis
Jackson Lewis LLP

4815-1718-3496, v. 1

# **EXHIBIT A**

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| NORFOLK, SS | DEDHAM DISTRICT COURT<br>CIVIL ACTION NO. 10CV0941 |

| | |
|---|---|
| Ryan Grover,<br>and<br>Zachary McCann,<br>and<br>Michael Landry,<br>    Plaintiffs<br><br>v.<br><br>Larkin Iron Works, Inc.,<br>and<br>Steven Larkin, personally,<br>and<br>Andrea Larkin, personally,<br>    Defendants. | PROPOSED<br>1st AMENDED COMPLAINT |

### INTRODUCTION

1. This is an action under the General Laws of Massachusetts, at chapter 149, §27 (Prevailing Wage Law), as Plaintiffs Ryan Grover ("Mr Grover") and Zachary McCann ("Mr McCann") and Michael Landry ("Mr Landry") (collectively "Plaintiffs") provided labor on projects in Massachusetts on which the GL c. 149, §27 applied, and their employer Defendant Larkin Iron Works, Inc. ("Larkin") failed to pay the legally mandated minimum wages for such labor and retaliated against each Plaintiff for their activity associated with their presenting claims asserted in the Complaint. In this 1st Amended Complaint, Plaintiffs allege violations of the federal RICO Act, 18 USC, §§1961(1)(B), 1962(c), 1964(c), 1965(a), and 1841 [mail fraud]).

## PARTIES

2. Mr Grover resides at 21 Boulevard Road, Dedham, MA, 02026, County of Norfolk.

3. Mr McCann resides at 83 Morse Avenue, Dedham, MA, 02026, County of Norfolk.

4. Mr Landry resides at 169 A Summer Street, Waltham, MA, 02452, County of Middlesex.

5. Larkin is, upon information and belief, a corporation duly organized in the State of Massachusetts with a principle place of business at 9 B Street, Hyde Park, MA, 02136, County of Suffolk.

6. Steven Larkin resides, upon information and belief, at 1183 Washington Street, Canton, MA 02021, County of Norfolk.

7. Andrea Larkin resides, upon information and belief, at 1183 Washington Street, Canton, MA 02021, County of Norfolk.

## FACTS

8. Steven and Andrea Larkin are husband and wife.

9. Andrea Larkin works for Larkin and performs, among other things, management and payroll functions.

10. Larkin contracted, upon information and belief, with the Commonwealth of Massachusetts to perform various construction projects on which GL c 149, §27 applied ("Public Projects").

11. Since at least 2009, Larkin employed Plaintiffs on such Public Projects.

2

12. Plaintiffs performed labor, more specifically ironwork, on Public Projects as employees of Larkin, and that labor required Larkin to pay Plaintiffs a minimum wage rate set by the Department of Labor and Workforce Development, by way of the Department of Safety.

13. Each Defendant is an employer as defined in GL c.149, §§27, 148 and 150.

14. Larkin, and its President/Director, Steven Larkin and its Clerk/Director Andrea Larkin, failed to pay Plaintiffs the legal minimum wages for the labor they performed on the public projects.

15. Plaintiffs have satisfied all prerequisites necessary to entitle them to seek remedy against the Defendants by this action.

## CAUSES OF ACTION
### Count I
(GL 149, §27)

16. Plaintiffs restate the facts in each of the Paragraphs above and incorporate them by reference herein and further state:

17. This is an action under the GL c. 149, §27 for Defendants' failure to pay the legal minimum wages to Plaintiffs to recovery damages from such wage non-payment, plus treble damages, interest, costs, and attorney fees.

### Count II
(Overtime GL c. 151)

18. Plaintiffs restate the facts in each of the Paragraphs above and incorporate them by reference herein and further state:

19. Plaintiffs performed labor as employees of Larkin for more than 40 hours during many weekly pay-periods, i.e., overtime hours.

20. Plaintiffs worked some overtime hours while performing labor on Public Projects, but were not paid the overtime rate of pay calculated by the legal minimum wages for such Public Projects and GL c 151 (state overtime statute).

21. Defendants failed to pay Plaintiffs time and one-half for such overtime labor.

22. This is an action in accord with GL c 151, to recover overtime wages and treble damages, plus interest, costs and attorney fees in collecting such damages.

### Count III
(3rd Party Beneficiary Claim)

23. Plaintiffs restate the facts in each of the Paragraphs above and incorporate them by reference herein and further state:

24. On each project governed by GL c. 149, §27, on which Plaintiffs performed labor as employees of Defendants, Defendants were, upon information and belief, bound by a written contract that required them to pay wages in accord with GL c 149, §27.

25. Defendants failed to pay such wages in accord with those contracts.

26. This is an action to recover damages owed to Plaintiffs against Defendants under a 3rd-party beneficiary contract theory.

### Count IV
(Breach of Good Faith & Fair Dealing)

27. Plaintiffs restate the facts in each of the Paragraphs above and incorporate them by reference herein and further state:

28. By Defendants' actions stated above and other acts, Defendants breached their duty of good faith and fair dealing owed to Plaintiffs, and such breach resulted in

grave damages and loss to Plaintiffs. This is an action to recover damages resulting from such breaches.

### Count V
*(Quantum Meruit)*

29. Plaintiffs restate the facts in each of the Paragraphs above and incorporate them by reference herein and further state:

30. Plaintiffs performed labor on Public Projects that benefited Defendants; and

31. If no Defendant pays each Plaintiff the legal minimum wage for that labor each performed, then Defendants will have benefited unjustly to the detriment of each Plaintiff; and

32. Plaintiffs had a reasonable expectation of such payment from Defendants.

33. This is an action against each Defendant in *quantum meruit* to recover damages owed to Plaintiffs.

### Count VI
(McCann v Defendants)

34. Plaintiffs restate the facts in each of the Paragraphs above and incorporate them by reference herein and further state:

35. Defendants forced Mr McCann to work as an apprentice as a condition of employment.

36. Defendants did this to avoid paying the proper minimum wages.

37. Defendants failed to maintain the proper ratio of apprentices on each public project Defendants employed Mr McCann.

38. This is an action to recover damages owed to Mr McCann for Defendants' actions and breach of the apprenticeship standards and contract.

**Count VII**
(Grover v Defendants)

39. Plaintiffs restate the facts in each of the Paragraphs above and incorporate them by reference herein and further state:

40. When Mr Grover complained about not being paid the proper minimum wages, Defendants retaliated against him by causing his employment to terminate.

41. By Defendants' retaliatory actions stated above and others, Mr Grover suffered grave damages and loss, and this is an action to recover damages resulting from such retaliation.

**Count VIII**
(Grover v Defendants)

42. Plaintiffs restate the facts in each of the Paragraphs above and incorporate them by reference herein and further state:

43. When Mr Grover complained about not being paid the proper minimum wages, Defendants retaliated against him by causing his employment to terminate.

44. By Defendants' retaliatory actions stated above and others, Mr Grover suffered grave damages and loss, and this is an action to recover damages resulting from such retaliation.

**Count IX**
(Civil RICO, 18 USC, §§1961(1)(B), 1962(c), 1964(c), 1965(a)[RICO statutes], and 1841 [mail fraud])
(Plaintiffs v. Steven and Andrea Larkin)

45. Plaintiffs restate the Paragraphs above and incorporate them by this reference herein and further state:

46. Defendants Steven and Andrea Larkin engaged in the following acts (i.e., RICO elements in more specific, detailed factual summation):

6

a. Steven and Andrea Larkin use as their <u>enterprise</u> their company, Larkin, to engage in mail and wire fraud that harmed Plaintiffs;

b. The <u>relationship</u> between Steven and Andrea Larkin and their unlawful enterprise is that they own, operate, and manage Larkin to facilitate such unlawful conduct;

c. Such conduct, i.e., <u>enumerated racketeering acts</u>, includes, but is not limited to, mail fraud:

    i. Mailing weekly payroll records mandated by GL c. 149, §27B. Using their enterprise, Steven and Andrea Larkin would use the United States postal service ("US mail") to further their unlawful conduct by mailing false and misleading payroll records, signed under oath, stating that the enterprise paid various individuals the legally required minimum wages for specific projects –but where they knew that their enterprise did not pay the legal minimums claimed on the mailings and the mailings did not list, as is required by law, all individuals who performed ironwork on the projects.

    ii. Three recent projects on which the Steven and Andrea Larkin used Larkin to employ, upon information and belief, individuals, who they did not list on sworn affidavits (GL c 149, §27B records) that they placed into the US mail and sent to the public awarding authorities are:

7

       1. Bridgewater State College, Bridgewater, MA, on which Larkin employed Plaintiff Zachary McCann who performed work as an employee and did not list him on the mailed certified payroll records; and

       2. Beverly High School, Beverley, MA. Id.; and

       3. Mass Port, East Boston, MA Id.

   d. Among other acts, the open ended <u>pattern</u> of the Steven and Andrea Larkin's conduct consisted of similar other GL c. 149, §27B weekly payroll affidavits, mailed to authorities to mislead authorities, depress employee wages, and illegally deflate bid prices, i.e., illegally under bid honest employers who competed with Larkin. This pattern is reasonably likely to continue.

   e. Steven and Andrea Larkin's conduct had an <u>effect on interstate commerce</u> which included, but is not limited to, that the enterprise would buy products from outside of the state, including products or services furnished or employed on public projects, and the RICO conduct provided an affect of illegally deflated bids to under bid other domesticate and foreign bidders interested in submitting bids on public projects, some of whom would lose bids to this RICO conduct, or would not bid because of such illegally deflated bids. See <u>Exhibit A</u> (Deposition testimony of Andrea Larkin, August 31, 2010, page 40, *et seq.*).

   f. Plaintiffs' <u>injuries</u> by this conduct include:

      i. Loss wages, lost advancement opportunity, depressed wages, and lost employment opportunities with Larkin or other industry honest employers that lost bids to the unlawful enterprise;

     ii. Steven and Andrea Larkin reasonably foresaw and intended that their conduct would allow them by way of Larkin, their enterprise, and their mailings to avoid having to employ Plaintiffs on such public projects at the legally mandated wages and such conduct directly resulted in Plaintiffs not being employed on such public projects and receiving fewer assignments for such work opportunities. But even when they used their enterprise to employ Plaintiffs on some public projects, Steven and Andrea Larkin used the enterprise and their false mailings to facilitate and hide the under payments of wages owed to Plaintiffs as they did not pay for all hours in some cases contrary to statements made on the payroll records sent through US mail.

47. The Defendants know better than Plaintiffs the exact date and times, persons used actually, and postage paid to mail the §27B false documents to each of those awarding authorities and others.

48. Defendants Steven and Andrea Larkin signed the documents. <u>Exhibit B</u> (Example of some §27B documents), and Andrea Larkin testified that she placed in the US mail the documents for all projects performed by Larkin, their enterprise.

49. Steven and Andrea Larkin refused to employ Plaintiffs more fully on such projects because they were able to mail these and other false records to avoid detection by Plaintiffs or public authorities of Larkin's fraudulent conduct.

50. Steven and Andrea Larkin, during the past three years from the date this Complaint was filed, used this enterprise and schemes on many other public works projects.

51. This is action under the federal RICO Act to recover damages incurred by Plaintiffs and caused by the enterprise operated by Steven and Andrea Larkin.

### DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs pray that this Court enter judgment as follows:

A. Against Larkin and Steven Larkin, personally and Andrea Larkin, personally;
B. Award Plaintiffs treble damage pursuant to GL c. 149 §27 and GL c 151;
C. Add the statutory 12% interest, costs and reasonable attorney's fees;
D. Enjoin Defendants from employing individuals without paying them the legal mandated minimum wages and from further acts of retaliation;
E. Provide treble damages, attorney fees, and costs in accord with the RICO Act; and
F. Provide such other and further relief as the Court deems just and proper.

Respectfully submitted,
Plaintiffs,
By their attorney,

_____
Mickey Long, BBO# 634388
PO Box E-1
193 Old Colony Ave.
Boston, MA 02127
(617) 269-0229
(617) 269-0567 (Fax).
mickeylong@gis.net

November 1, 2010

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A (a) | Docket No.:<br><br>Division:<br>Dedham District Court | **Trial Court of Massachusetts**<br>**District Court Department**  |
|---|---|---|

Plaintiff(s)
Ryan Grover et al

Defendant(s)
Larkin Iron Works, Inc., et al

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

### TORT CLAIMS | AMOUNT

A. Documented medical expenses to date:
  1. Total hospital expenses: .............................................. $ _____
  2. Total doctor expenses: ................................................ $ _____
  3. Total chiropractic expenses: ........................................ $ _____
  4. Total physical therapy expenses: ................................ $ _____
  5. Total other expenses (Describe): _____ $ _____

B. **SUBTOTAL for lines 1-5 above:**
C. Documented lost wages and compensation to date: ............... $ _____
D. Documented property damages to date: ................................. $ _____
E. Reasonable anticipated future medical and hospital expenses: .... $ _____
F. Reasonably anticipated lost wages: ......................................... $ _____
G. Other documented items of damage (Describe): _____ $ _____

For this form, disregard double or treble damage claims, indicate single damages only.

**TOTAL TORT CLAIMS for lines B-G above:**

H. Brief description of Plaintiff's injury, including nature and extent of injury (Describe): _____
_____
_____

### CONTRACT CLAIMS | AMOUNT

Provide a detailed description of claim(s): _Defendants failed to pay Plaintiffs the legally mandated minimum wages, including over-time wages, for labor performed by Plaintiffs_

$ _____
$ _____
$ _____

For this form, disregard double or treble damage claims; indicate single damages only.

**TOTAL CONTRACT CLAIMS:**

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):
Signature: X *Mickey Long*

Type Name: Attorney Mickey Long

Address: 193 Old Colony Ave., PO Box E-1, Boston, MA

Phone: (617) 269-0229

B.O.#: 634388

Date: Jul 7, 2010

DEFENDANT'S NAME AND ADDRESS & PHONE:

# TRIAL COURT OF THE COMMONWEALTH



District Court Department
Dedham Division
631 High Street
Dedham, Massachusetts 02026

(781) 329-4777

*Norfolk, ss*                                                                      Civil Action No. __10CV0941__

## SUMMONS
(Rule 4)

To Defendant ___Larkin Iron Works, Inc___ of __92B St., Hyde Park, MA__
                          (Name)                                                    (Address)

You are hereby summoned and required to serve upon __Attorney Mickey Long__ plaintiff('s attorney), whose address is __PO Box E-1, 193 Old Colony Ave, Boston MA 02127__, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You also are required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will be barred from making such claim in any other action.

WITNESS, MARY HOGAN SULLIVAN, First Justice, on __July 6, 2010__
                                                                          (Date)

(SEAL)

_____
Clerk-Magistrate

Note:
(1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at the commencement of the action should be affixed to this summons before it is served.

### RETURN OF SERVICE

On _____, I served a copy of the within summons, together with a copy of the complaint in this action,
       (Date of service)
upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

A true copy Attest:
7-9-10   Deputy Sheriff Suffolk County

_____
(Signature)

_____
(Name and title)

_____
(Address)

Note:
(1) The person serving this process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process Rule 4(f)
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

ICDD-201                           This form prescribed by the Chief Justice of the District Courts



## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS                                          DEDHAM DISTRICT COURT
                                                     CIVIL ACTION NO. 10CV0941

Ryan Grover,                          )
and                                   )
Zachary McCann,                       )
and                                   )
Michael Landry,                       )
    Plaintiffs                    )
                                      )   *Motion Allowed*
    v.                            )
                                      )   Marked up for Motion Hearing Session:
Larkin Iron Works, Inc.,              )
and                                   )   Friday, November 12, 2010, 10 a.m.
Steven Larkin, personally,            )
and                                   )
Andrea Larkin, personally,            )
    Defendants.                   )

### MOTION FOR LEAVE TO AMEND COMPLAINT

    Plaintiffs hereby move to amend their original complaint by adding thereto Count IX a federal civil RICO action in accord with, 18 USC, §§1961(1)(B), 1962(c), 1964(c), 1965(a), and 1841 (mail fraud). The proposed Amended Complaint is attached hereto as Exhibit A (Proposed 1st Amended Complaint). Plaintiffs also request that should this Court allow the Proposed 1st Amended Complaint, that such document be deemed as filed and served.

    In support of this Motion, Plaintiffs further state as follows:

1. On July 6, 2010, Plaintiffs filed their original complaint.

2. On August 31, 2010, Plaintiffs conducted a deposition of Andrea Larkin ("Ms Larkin").

3. Ms Larkin was listed as the Clerk/Director of Defendant corporation, Larkin Iron Works, Inc. ("Larkin Iron"). She is also the wife of a Defendant Steven Larkin.

1

# **EXHIBIT B**

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                          DEDHAM DISTRICT COURT
                                                      CIVIL ACTION NO. 10-cv-0941

Ryan Grover, Zachary McCann,      )
and Michael Landry,               )
                                  )
                    Plaintiffs,   )
                                  )
v.                                )
                                  )
Larkin Iron Works, Inc.,          )
Steven Larkin, personally, and    )
Andrea Larkin, personally         )
                                  )
                    Defendants.   )

### NOTICE OF FILING OF NOTICE OF REMOVAL

To:   Civil Clerk's Office
      Dedham District Court
      631 High Street
      Dedham, MA 02026

PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Dedham District Court has been duly filed in the U.S. District Court for the District of Massachusetts. Attached hereto is a copy of that Notice of Removal.

                              Respectfully submitted,

                              LARKIN IRON WORKS, INC. et al.

                              By their attorney,

                              _____
                              Brian E. Lewis (BBO No. 643717)
                              JACKSON LEWIS LLP
                              75 Park Plaza
                              Boston, MA 02116
                              (617) 367-0025

Dated: December 1, 2010

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of December, 2010, a copy of the foregoing document was delivered by e-mail and first-class mail to all counsel of record.

_____
Jackson Lewis LLP

4844-9828-6344, v. 1