UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-12078-RGS

RYAN GROVER, ZACHARY McCANN and
MICHAEL LANDRY

v.

LARKIN IRON WORKS, INC.,
STEVEN LARKIN, and
ANDREA LARKIN

MEMORANDUM AND ORDER ON DEFENDANTS' MOTION
TO DISMISS COUNT IX OF THE AMENDED COMPLAINT

February 7, 2011

STEARNS, D.J.

This case is before the court on a Rule 12(c) motion to dismiss Count IX of the Amended Complaint alleging a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). A Rule 12(c) motion for judgment on the pleadings "is treated much like a Rule 12(b)(6) motion to dismiss." Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). Because a Rule 12(c) "motion calls for an assessment of the merits of the case at an embryonic state, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom" in the nonmovant's favor. R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006). A Rule 12(c) motion differs from a Rule 12(b)(6) motion in that "it implicates the pleadings as a whole." Aponte-Torres. v. Univ. of Puerto Rico, 445 F.3d 50, 54-55 (1st Cir. 2006). Filed after the close of the pleadings, a Rule 12(c) motion is "based solely on the factual allegations in the complaint and answer . . . ." NEPSK, Inc. v. Town of Houlton, 283

F.3d 1, 8 (1st Cir. 2002).

The facts of the case as pled are straightforward and for purposes of the motion are accepted (as they must be) by defendants as true. In essence, Steven Larkin and Andrew Larkin are the owners of defendant Larkin Iron Works, Inc. The Larkins are alleged to have mailed payroll records to owners of public construction projects certifying that their workers were being paid at the prevailing wage, when they were not.

To make out a civil RICO violation, a complaint must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). "Pattern of racketeering activity" means that each defendant committed two related acts of racketeering activity over a span of time. See Schultz v. Rhode Island Hosp. Trust Nat'l Bank, N.A., 94 F.3d 721, 731 (1st Cir. 1996). To demonstrate relatedness, the predicate acts must have the same or similar purposes, participants, victims, or methods, or otherwise be interrelated by distinguishing characteristics and not be isolated events. Feinstein v. Resolution Trust Corp., 942 F.2d 34, 44 (1st Cir. 1991). There must also be evidence of "continuity" sufficient to show that the predicate acts constituted a "pattern" (a closed period of repeated conduct amounting to a threat of continued criminal activity or that they "are a regular way of conducting the enterprise"). H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239 (1989).

Plaintiffs allege that the enterprise through which the Larkins conducted their "racketeering activity" was Larkin Iron Works, a small, non-union steel erector company

operated as a family business.[1]  The predicate acts on which plaintiffs rely are the Larkins'  mailed certifications of compliance with the Massachusetts prevailing wage law, Mass. Gen. Laws ch. 149, § 27.

To cut to the chase, defendants maintain that plaintiffs have resorted to the RICO claim for extortionate reasons.

> Plaintiffs' attempt to amend their Complaint to add a RICO count makes little sense, unless the Court understands the true motive of Plaintiffs' actions. Plaintiffs' counsel is directly affiliated with Ironworkers Union Local 7 ("Local 7"), and Larkin Iron Works is a small non-union shop. Local 7 has attempted, without success, to organize Larkin Iron Works as a union contractor. To date, Larkin Iron Works and its employees have chosen not to affiliate with Local 7. This lawsuit is simply a way to inflict maximum cost upon Larkin Iron Works, in an attempt to punish the company and its employees for exercising its rights to remain non-union.

Defs.' Mem. at 2.

On legal grounds, defendants assert that the RICO claim fails because plaintiffs are unable to show a threat of continued criminal activity (the continuity prong of the pattern element). See Ahmed v. Rosenblatt, 118 F.3d 886, 889 (1st Cir. 1997). They also object that the predicate acts of mail fraud are not pled with the specificity required by Fed. R. Civ. P. 9(b).[2]

The parties agree that the controlling case is Loiselle, the underlying facts of which

---

[1] The enterprise itself is not an entity that can be liable for racketeering activity. See Odishelidze v. Aetna Life & Cas. Co., 853 F.2d 21, 23 (1st Cir. 1988) (per curiam).

[2] Defendants also cite a policy argument that is related to the allegation of improper purpose: the concern that a federal civil remedy with draconian penalties of treble damages and the shifting of attorneys' fees not be abused by civil litigants targeting "technical" crimes "of a kind that would never be pursued criminally by a competent prosecutor, let alone through a criminal RICO prosecution." Sys. Mgmt., Inc. v. Loiselle, 303 F.3d 100, 105 (1st Cir. 2002).

3

bear strong resemblance to this case. Plaintiff, however, point to two differences between Loiselle and this case that, at least for the time being, are dispositive. In Loiselle, the First Circuit characterized the fraudulent effort by defendant as "comparatively trivial chiseling"[3] aimed at retaining a single public contract. Id., 303 F.3d at 105. Here by contrast, plaintiffs allege that their damages "may exceed $100,000" and that "more than three" public projects are involved (although only three are specifically named). Pls.' Mem. at 4. As to the continuity argument,

> Defendants argue that there ". . . is no justifiable allegation in the Amended Complaint that Steven or Andrea Larkin have continued, or specifically plan to continue, to submit inaccurate certified payroll records." This wrongly posits that once caught in a RICO scam, simply admitting a mistake and reciting that you will not do it again evades a RICO claim. That is not what the term of art RICO "continuity" requires. The Fifth Circuit dismissed this exact argument, too. See Abraham v. Singh, 480 F.3d 351, 356 (5th Cir. 2007). There the Court stated that there "is no reason to suppose that this systematic victimization alleged [ . . . ] would not have continued indefinitely had the Plaintiffs not filed this lawsuit [underline added]." Id., at 356. That reasoning applies here.

Pls.' Mem. at 5.

Finally, with regard to the particularity with which the acts of mail fraud are pled, plaintiffs make the point that because of discovery disputes, they have not had access to the materials that they would need to fully satisfy the Rule 9(b) concerns. The rule in the First Circuit is that where a plaintiff's allegations make it likely that a defendant used the mails to perpetrate a RICO fraud, and where this information is in defendant's exclusive control, a district court should permit further discovery with the opportunity to amend the

---

[3]Two of defendants' workers had been underpaid a total of $339.52 as a result of the alleged fraud. Id., 303 F.3d at 103.

4

complaint once that discovery is complete.  New England Data Servs., Inc. v. Becher, 829 F.2d 286, 290 (1st Cir. 1987).  Discovery is, of course, a two-way street.  If it should be shown through discovery that plaintiffs have appended the RICO Count to their Complaint as an abusive litigation tactic, the court has appropriate sanctions at its disposal that go well beyond a dismissal of the claim.[4]

### ORDER

For the foregoing reasons, defendants' Motion to Dismiss Count IX of the Amended Complaint is DENIED without prejudice.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[4] In response to defendants' policy argument, plaintiffs ask the court to take judicial notice of five recent criminal prosecutions of seemingly similar prevailing wage law violations undertaken by the Massachusetts Attorney General.  Given the early stage of the litigation, it would be premature for the court to address the policy concerns raised in Loiselle.